FOURTH DEPARTMENT, MAY, 1928.

CLARA M. CRAMER, Respondent, v. MELANCHTHON W. PERINE and Another, Appellants.

PER CURIAM. The law of this case as to locating the dividing line between the properties of plaintiff and defendants in the accreted lands involved is laid down in Cramer v. Perine (197 App. Div. 218). The determination in that case required the location of the Cazenovia creek as it existed in 1904, when John L. Dow, the predecessor in title of both parties to this action, held title to all the premises involved. Credible testimony was presented at the trial with reference to the title from which such location should have been made as about to be indicated. The interlocutory judgment appealed from is modified so that its adjudicating portion shall read as follows: " Now on motion of Wade & Ludlow, attorneys for the plaintiff, it is ADJUDGED that upon defendants' map, Exhibit 1 in evidence, a point (ca'led K) shall be located 50 feet northeasterly of the point (C) on the southeasterly line of Yale Place extended southwesterly; that a second point (called L) shall be located 100 feet northeast of the point (B) upon the line (BY), a line which is substantially midway between Ya'e Place and Princeton Place, the point (Y) being the southwesterly corner of subdivision lot 87, as shown on a map or survey of a tract of W. A. Umlauf on file in Erie County Clerk's Office under Cover 330; that a straight line shall then be drawn from the point (K) to the point (L); that the line drawn between these points shall mark a portion of the northeasterly bank of Cazenovia Creek as located in 1904; that from the point of intersection of the line (KL) and a line drawn from the point (Y) (the southwesterly corner of said subdivision lot No. 87) N. 88 deg. W. to (KL) a straight line shall be drawn southwesterly to the center of Cazenovia Creek at right angles to the line (KL). It is FURTHER ADJUDGED that this last mentioned line combined with the line drawn N. 88 deg. W. from the point (Y) is the line dividing the property interests of the plaintiff and the defendants in the lands

which have accreted since December, 1888, and which ie westerly of the easterly bank of Cazenovia Creek as located in December, 1888; and that said bisecting line is the southerly boundary of said lands hereby adjudged to belong to the defendants and the northerly boundary of said lands hereby adjudged to belong to the plaintiff. It is FURTHER ADJUDGED that plaintiff and defendants are the owners and entitled to the undisturbed possession, in the manner and to the extent last hereinbefore mentioned, of all accreted lands situate in the State of New York, County of Erie and City of Buffa'o, and lying at right angles westerly of the portion of the bank of Cazenovia Creek extending southerly from its intersection with the southeasterly line of Yale Place to the point of its intersection with the northwesterly line of Princeton Place, as Cazenovia Creek existed and is shown on a map and survey of a tract of W. A. Umlauf, on file in Erie County Clerk's Office under Cover 330. We allow no costs on this appeal." Additional findings of 'act made and conclusions of law reversed and new conclusions made. Our disposition of the appeal from the interlocutory judgment requires us to reverse the final judgment for damages and grant a new trial in that respect, without costs of this appeal to either party. All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ. Interlocutory judgment modified and as modified affirmed, without costs of this appeal to either party. Conclusions of law disapproved, additional findings of fact and new conclusions of law made. F nal judgment reversed on the law and facts and a new trial granted, without costs of this appeal to either party.